UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO.:  25-11140-LRC |
| KENDRICK DERUBEN PARKS, | ) |
| | ) CHAPTER 13 |
|     DEBTOR. | ) |
| ------------------------------------------------- | ) JUDGE LISA RITCHEY CRAIG |
| | ) |
| MELISSA J. DAVEY, | ) |
| STANDING CHAPTER 13 TRUSTEE, | ) |
|     Movant, | ) |
| | ) |
| v. | ) CONTESTED MATTER |
| | ) |
| KENDRICK DERUBEN PARKS, | ) |
|     Respondent. | ) |
| ------------------------------------------------- | ) |

## CHAPTER 13 TRUSTEE'S
## OBJECTION TO CONFIRMATION & MOTION TO DISMISS

    Melissa J. Davey, Chapter 13 Trustee, objects to confirmation of the plan and moves to dismiss this case pursuant to 11 U.S.C. Section 1307(c) for the following reasons:

    1.    The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

    2.    The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

    3.    Pursuant to testimony at the meeting of creditors, the Debtor has not filed all tax returns that have come due in the four (4) years preceding the filing of this case in violation of 11 U.S.C. Section 1308 (a). The Debtor should provide evidence that the tax returns have been filed for 2024.

    4.    The Debtor has failed to provide the Trustee with a copy of the federal income tax return for the most recent tax year ending immediately before the

commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i). As the Debtor has failed to submit the last filed tax return to the Trustee prior to the meeting of creditors, the Trustee requires a sworn statement by the Debtor, in addition to the tax return, that the tax return provided is a true copy of the most recent tax return filed.

5.  Pursuant to information received from the Internal Revenue Service, 2022 and 2024 tax returns have not been provided to the taxing authorities, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

6.  The Plan appears to be infeasible, as Debtor has failed to pay the post-petition monthly mortgage payments. 11 U.S.C. Section 1325(a)(6).

7.  The Debtor should provide proof of the fair market value of real property commonly known as 83 Lamb Road, Moreland, Georgia 30259 so the Trustee may conduct a hypothetical liquidation analysis. 11 U.S.C. Sections 1325(a)(3) and 1325(a)(4). Trustee notes that Realtor.com lists an estimated value of $707,198.00.

8.  Pursuant to testimony from the meeting of creditors, Debtor is represented by counsel in a pending/or anticipated non-bankruptcy litigation. The attorney must be approved as special counsel by the Bankruptcy Court in accordance with 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

9.  The Chapter 13 Plan fails to provide that all net proceeds from the Debtor's pending/anticipated lawsuit will be paid to the Trustee for distribution to allowed unsecured claims, as required by 11 U.S.C. Sections 1325(a)(3), 1325(a)(4), and 1325(b).

10.  The Chapter 13 petition and schedules fail to disclose Debtor's interest in a class action suit against MV Realty and back child support in violation of 11 U.S.C. Section 521.

11.  The Debtor's monthly expense for mortgage payment is actually $1,999.41, not $1,758.00 as reflected on the Schedules. The Chapter 13 Schedules are incorrect and the Plan does not appear to be feasible in violation of 11 U.S.C. Section 1325(a)(6).

12.  The Chapter 13 Trustee requests documentation to establish that Debtor's employment tax withholdings are sufficient to pay Debtor's anticipated income tax liability in order to ensure that the Plan complies with 11 U.S.C. Section 1325(a)(6).

13.  Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the current financial situation, preventing the Trustee from evaluating feasibility. 11 U.S.C. Section 1325(a)(6). Pursuant to Debtor's testimony, Debtor no

longer receives part-time income of $1,200.00 per month, nor support income of $450.00 per month.

     14.    The Chapter 13 Plan fails to provide treatment of the filed secured claim of the United States Department of Housing and Urban Development in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

     Wherefore, the Trustee moves this Honorable Court to consider the above objections at the confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case pursuant to 11 U.S.C. Section 1307(c), and for such other and further relief that this Court deems just and proper.

Dated: September 19, 2025

                                                     /s/Taylor S. Mansell
                                                   Taylor S. Mansell
                                                   Attorney for the Chapter 13 Trustee
                                                   GA Bar No. 940461
                                                   233 Peachtree Street, NE, Suite 2250
                                                    Atlanta, GA 30303
                                                   Telephone:   (678) 510-1444
                                                   Facsimile:(678) 510-1450
                                                   mail@13trusteeatlanta.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.:  25-11140-LRC |
| | ) | |
| KENDRICK DERUBEN PARKS, | ) | CHAPTER 13 |
| | ) | |
| DEBTOR. | ) | JUDGE LISA RITCHEY CRAIG |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection to Confirmation & Motion to Dismiss using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**
LAW OFFICES OF STANLEY J. KAKOL. JR., LLC

I further certify that on this day I caused a copy of this document to be served via first class mail, with adequate postage prepaid on the following parties set forth below at the address shown for each.

DEBTOR:
KENDRICK DERUBEN PARKS
83 LAMB RD.
MORELAND, GA  30259

Dated: September 19, 2025

/s/Taylor S. Mansell
Taylor S. Mansell
Attorney for the Chapter 13 Trustee
GA Bar No. 940461
233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:   (678) 510-1444
Facsimile:(678) 510-1450
mail@13trusteeatlanta.com